On appellant's reconsideration filed August 22, and on respondent's reconsideration filed August 30, 1984; reconsiderations allowed, former opinion (69 Or App 295, 686 P2d 423) modified and adhered to May 22, respondent's reconsideration denied July 5, both petitions for review denied August 27, 1985 (299 Or 732)

# BARTON,
*Appellant,*

*v.*

# TRA-MO, INC.,
*Respondent.*

## (41-786; CA A26102)

699 P2d 1182

Thomas O. Alderman, Springfield, for appellant's petition.

Allan M. Muir, Portland, for respondent's petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This case involves an alleged breach of warranties arising in connection with the sale of diesel fuel tanks. Previously, in *Barton v. Tra-Mo, Inc.,* 69 Or App 295, 686 P2d 423 (1984), we held that the trial court erred by refusing to allow plaintiff to amend his complaint to allege breach of warranty by "model," rather than by "sample," and by directing a verdict for defendant on plaintiff's claim of express warranty by sample. Thereafter, both defendant and plaintiff filed petitions for reconsideration.

Defendant contends, *inter alia,* that our statement of the facts was inaccurate. We grant defendant's petition for the limited purpose of addressing that contention. In its petition, defendant states:

> "The facts relevant to this appeal are accurately stated in the opinion of the Court of Appeals with one exception. The Court of Appeals stated that the following occurred at trial on July 15, 1982:
>
> > " '* * * At trial, plaintiff introduced two tanks which had had the same impact tests administered. The first one was from plaintiff's "graveyard," which had come from a later production run and broke when struck with a hammer. *The second tank was from the first production run* [footnote omitted] *and did not break when struck with a hammer.'* 69 Or App at 295.
>
> "In fact, the tank from the first production run *did* break, in full view of the jury, when struck with a hammer by plaintiff * * *."

After reexamining the record, we agree that our statement of the facts was inaccurate in that respect. However, that factual inaccuracy does not affect the analysis or the result we reached in our previous opinion.

■ ■ We held that the jury could have found that an express warranty by "model" arose when defendant delivered preproduction fuel tanks to plaintiff for his inspection and testing. At trial, plaintiff was unable to produce any of the preproduction "models," so he introduced a tank made during the first production run. That tank broke when he struck it with a hammer in front of the jury. Defendant contends that plaintiff could not possibly have recovered on a warranty by model theory after the first run tank broke in court, because

he introduced it as being representative of the preproduction models. Defendant also asserts that, in the light of the results of that demonstration, any error the trial court may have committed by directing a verdict on that claim was harmless. We disagree with both arguments. The in-court demonstration may well have had a negative impact on the jury, but it certainly did not legally preclude plaintiff's claim. As noted in our previous opinion, there was testimony that defendant allowed plaintiff to inspect and test the *preproduction tanks.* The performance of those tanks under those tests, and not the first run tank's performance in court, formed the basis of the warranty by model claim. Moreover, after examining the evidence in the light most favorable to plaintiff, as we are required to do when reviewing a directed verdict, we find that there is other evidence which establishes that the tanks which were eventually produced for sale did not perform as well as the models. Therefore, the factual mistake in our earlier opinion was legally inconsequential.

In his petition, plaintiff correctly points out that in our former opinion we neglected to address two of his assignments of error involving issues that are likely to arise again on retrial. We allow the petition and examine his first and second assignments.

In his first assignment, plaintiff contends that the trial court erred by dismissing his second claim for relief. In that claim plaintiff alleged the existence of a contract pursuant to which defendant was obligated to supply all of the fuel tanks that plaintiff required. Plaintiff also alleged that defendant expressly warranted that the tanks "would not bulge, split, break or shatter under normal usage." He further alleged that defendant began delivering tanks which did not conform to the agreement, causing plaintiff to suffer lost profits. Specifically, plaintiff alleged:

> "As a result of said defects in the tanks resold by Plaintiff, the demand for tanks marketed by Plaintiff has been drastically reduced and Plaintiff has thus been deprived of the value of the aforementioned requirements contract, which value is equal to the difference between the profits Plaintiff has made from the sale of tanks since August 29, 1979, and the profits Plaintiff would have made in the sale of the requirements of tanks which Plaintiff would have had had the demand for Plaintiff's tanks not been reduced as a result of

said defects, or $75,000.00 per month beginning August 29, 1979, and for the foreseeable future."

On the day of trial, defendant moved to dismiss the second claim for relief on four grounds: (1) failure to state a claim for relief in that plaintiff did not allege a failure by defendant to deliver a sufficient quantity of tanks; (2) the claim was redundant of the express warranty count pleaded in his first claim for relief; (3) the contract alleged in the second claim is unenforceable because of the Statute of Frauds; and (4) the contract was unenforceable, because the duration term was lacking. Ultimately, the trial court allowed the motion on the first and second grounds.

We do not address the propriety of the trial court's ruling,[1] because we conclude that plaintiff's claim was destined to fail in any event, because he could not comply with ORS 72.2010, the UCC Statute of Frauds, which provides, in pertinent part:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing."

Normally, compliance with the Statute of Frauds would have to be evaluated in the light of whatever evidence was adduced at trial. Accordingly, when a claim is dismissed before trial, thereby preventing plaintiff from presenting evidence on that issue, we would not usually rule as a matter of law that he could not have complied with the Statute of Frauds had he tried. However, given the circumstances of this case, we are able to make that ruling.

---

[1] Whatever its other problems may be, plaintiff's second claim for relief does not appear to be redundant of his other claims. On its face, it alleges the breach of an express warranty by affirmation of fact. ORS 72.3130. The other express warranty claim alleges express warranty by sample. Although both are based on express warranties, the theories are entirely different and would require at least some different evidence.

■     Plaintiff never suggested that he could produce a writing. In fact, in his affidavit in support of his motion for leave to amend his complaint, plaintiff conceded that his second cause of action was based on the breach of an *oral* requirements contract. Therefore, even if he had been given the opportunity, plaintiff would not have produced a writing at trial. Instead, he relied on ORS 72.2010(3)(b), which provides a limited exception to the writing requirement:

> "A contract which does not satisfy the requirements of subsection (1) of this section but which is valid in other respects is enforceable:
>
> "* * * * *
>
> "(b)   If the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; * * *"

Defendant admitted that a contract existed requiring it to supply all the tanks that were actually delivered but denied the existence of a requirements contract. Plaintiff, however, contends that defendant's employe, Richard Ross, admitted the existence of a requirements contract in his deposition testimony. We have examined Ross' testimony and conclude that no reasonable juror could interpret it to be an admission of a requirements contract.

■     As noted above, under ORS 72.2010(3)(b) a contract established by an admission is only enforceable to the extent admitted. Therefore, the second claim for relief pleads only the breach of a contract to provide as many tanks as defendant admitted, *i.e.,* as many fuel tanks as were actually delivered. Under some circumstances, plaintiff might still be entitled to attempt to prove a breach of the express warranty by affirmation alleged in the second claim. *See* ORS 72.3130. However, even if he were to prove such a breach here, he would not be entitled to any damages. The only damages he claims in connection with the second claim for relief, loss of future profits, arise from the requirements aspect of the alleged contract. Because plaintiff cannot prove an enforceable requirements contract, he cannot possibly recover any damages on that claim. Thus, the trial court did not err by dismissing the second claim for relief, although it may have

done the right thing for the wrong reason. *See Druilard v. Le Tourneau,* 286 Or 159, 593 P2d 1118 (1979).

■    In plaintiff's second assignment, he argues that the court erred by refusing to allow his motion to amend his third statement of his first claim for relief to incorporate an allegation of the damages which he had sought in the second claim. The trial court did not err. The damages he sought to add were causally related only to a requirements contract. Because the third statement of the first claim for relief did not allege a requirements contract, there was no point in amending it as plaintiff requested.

Petitions for reconsideration allowed; former opinion modified and, as modified, adhered to.